DECISION AND JUDGMENT ENTRY
{¶ 1} This case is before the court on appeal from the November 25, 2003 judgment entry of the Lucas County Court of Common Pleas wherein, defendant-appellant, Earnest L. Peals, was found guilty by the court of aggravated murder and kidnapping. For the following reasons, we affirm the trial court's decision.
 {¶ 2} On December 1, 2002, at approximately 5:00 a.m., the victim, L.C. Pittman, was found lying on the sidewalk on Vance Street in Toledo, Lucas County, Ohio; Pittman had been shot several times and was deceased. That same day, appellant, Kevin Jordan, and Dario Williamson were arrested in connection with the murder. One month later, appellant's brother, Michael Peals, was arrested in Arkansas as a murder suspect.
 {¶ 3} On December 6, 2002, appellant and Michael Peals were indicted on one count of aggravated murder, in violation of R.C.2903.01(B), and one count of kidnapping, in violation of R.C.2905.01(A)(3). Each count included a gun specification. Co-defendants Williamson and Jordan were each indicted on one count of kidnapping, in violation of R.C. 2905.01(A)(3). On January 10, 2003, appellant entered a not guilty plea. Appellant's co-defendants entered into plea agreements with the state in exchange for their testimony against appellant. Williamson and Jordan entered pleas to kidnapping and Michael Peals entered a plea to murder and kidnapping with gun specifications.
 {¶ 4} Appellant's bench trial commenced on November 17, 2003, and he was found guilty of both charges on November 19, 2003. For the aggravated murder conviction, appellant was given a life sentence with the possibility of parole after 20 years. As to kidnapping, appellant was sentenced to nine years of imprisonment to be served concurrently with the murder sentence. The two firearms specifications merged for a total of three years. Thus, appellant was sentenced to life imprisonment with the possibility of parole after 23 years. This appeal followed.
 {¶ 5} Appellant raises the following assignment of error:
 {¶ 6} "Assignment of error number one:
 {¶ 7} "The verdict was unsupported by and against the manifest weight of the evidence adduced at trial."
 {¶ 8} In his sole assignment of error, appellant maintains that his convictions for aggravated murder and kidnapping were against the manifest weight of the evidence. We agree with the state's observation that although appellant's stated assignment of error is a manifest weight of the evidence claim, he also appears to be arguing that the convictions were insufficient as a matter of law. In fact, appellant cites language from State v.Issa, 93 Ohio St.3d 49, 2001-Ohio-240, which quotes the sufficiency test language in State v. Jenks (1991),61 Ohio St.3d 259, paragraph two of the syllabus. Accordingly, following the state's example we, too, will analyze appellant's arguments under the manifest weight and sufficiency standards.
 {¶ 9} The Ohio Supreme Court has ruled that "[t]he legal concepts of sufficiency of the evidence and weight of the evidence are both quantitatively and qualitatively different."State v. Thompkins, 78 Ohio St.3d 380, 386, 1997-Ohio-52. "Sufficiency" pertains to a question of law as to whether the evidence is legally adequate, as to all the elements of the crime, to support a jury verdict. Id. Reviewing the sufficiency of the evidence to support a criminal conviction, an appellate court must examine "the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." State v. Jenks, 61 Ohio St.3d at paragraph two of the syllabus. However, under a manifest weight standard, an appellate court sits as the "thirteenth juror" and may disagree with the factfinder's resolution of the conflicting testimony. Thompkins at 387. The appellate court, "`reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.'" Id., quoting State v. Martin (1983), 20 Ohio App.3d 172, 175. While an appellate court may determine that a judgment is sustained by sufficient evidence, it may still conclude that the judgment is against the weight of the evidence. (Citations omitted.) Id.
 {¶ 10} Appellant was convicted of aggravated murder, in violation of R.C. 2903.01(B). To support this conviction the state had to prove, beyond a reasonable doubt, that appellant purposely caused the death of Pittman "while committing or attempting to commit, or while fleeing immediately after committing or attempting to commit, kidnapping * * *."
 {¶ 11} The offense of kidnapping, in violation of R.C.2905.01(A)(3), provides that "[n]o person, by force, threat, or deception * * * shall remove another from the place where the other person is found or restrain the liberty of the other person * * * [t]o terrorize, or to inflict serious physical harm on the victim or another[.]"
 {¶ 12} At the November 17, 2003 trial in this matter, the basic facts regarding the events of November 30 to December 1, 2002, were as follows. At approximately 10:00 or 11:00 p.m. on November 30, 2002, appellant, Michael Peals, Dario Williamson, Kevin Jordan and the Peals' brothers' girlfriends and young children (presumably asleep) were in an apartment at 508 Hawley Street in Toledo, Lucas County, Ohio, where they were drinking alcohol, smoking marijuana, and taking ecstasy tablets. At around 2:00-2:30 a.m., the four men decided to go to an after-hours nightclub. After being at the nightclub a little over one hour, Michael Peals received a call from his girlfriend indicating that they had just been robbed at the apartment. Michael and the three other men immediately left the club and returned to the apartment.
 {¶ 13} Following their return to 508 Hawley, they discovered that the individuals responsible for the theft of crack cocaine had left the location. The scene then became chaotic. Appellant and his brother each acquired a firearm; appellant, a .380 caliber semiautomatic handgun, Michael, a .22 caliber revolver. Appellant, in a display of anger, fired his weapon in the apartment. The four then learned that the victim, L.C. Pittman, either knew the whereabouts of the individuals or was involved in the robbery.
 {¶ 14} Just as the four were outside preparing to leave in search of the robbers, they discovered L.C. Pittman walking up the alley toward the apartment building. Apparently Pittman, who lived upstairs from the Peals' apartment, had heard the commotion downstairs during the robbery and had walked the individuals out of the building to diffuse the situation.
 {¶ 15} Although not exactly clear who rode in which of the two vehicles, a red Pontiac Sunbird and a gray Dodge Omni, Pittman was taken along to direct the four to the robbers. After the cars pulled over to the curb on Vance Street, two blocks away from Hawley Street, appellant, still displeased with the situation, shot a hole though the roof of the Pontiac with the .380 handgun.
 {¶ 16} Michael Peals then came around to the passenger side of the Pontiac and shot Pittman, who was in the backseat, at least three times with the .22 revolver. Pittman exited the vehicle and attempted to run; he stumbled and fell on the sidewalk. According to the testimony, appellant then approached Pittman and shot him two or three times in the head with the .380 handgun. The autopsy revealed that Pittman was shot with two different caliber weapons.
 {¶ 17} In support of these facts, the state presented the testimony of several witnesses including the three co-defendants, Michael Peals, Kevin Jordan, and Dario Williamson, who all testified pursuant to cooperation agreements with the state. Appellant contends that because the co-defendants' trial testimony substantially differed from their statements given to police, the state failed to present competent credible evidence to support appellant's conviction.
 {¶ 18} Upon review, we must disagree with appellant's characterization of the co-defendants' trial testimony as being "substantially different" from their statements to police. After viewing the videotaped police interviews that were admitted at trial, we note that any discrepancies were not relevant to the ultimate cause of Pittman's death. Kevin Jordan was the only individual who radically changed his story from the beginning of the interview until its conclusion. Jordan originally told police that appellant and Michael Peals were both in front of Pittman after he fell to the ground. Jordan stated that Michael was trying to get the .380 handgun from appellant and eventually shot Pittman two more times with his weapon, the .22 revolver. Jordan said that appellant never shot Pittman. This statement was consistent with appellant's version of the events. However, after further police questioning, Jordan admitted that appellant shot Pittman two times with the .380 handgun.
 {¶ 19} With regard to the kidnapping charge, the evidence was consistent that Pittman was forced to accompany the four in search of the robbery suspects. The testimony was that Pittman was not free to leave and that had he tried to leave, he would have been shot. There was also testimony that he was shoved into the vehicle.
 {¶ 20} After careful review of the evidence presented at trial, and in light of the applicable standards, we must conclude that the verdict was supported by sufficient evidence and was not against the manifest weight of the evidence. The state presented ample evidence to support appellant's convictions. Appellant's sole assignment of error is not well-taken.
 {¶ 21} On consideration whereof, we find that appellant was not prejudiced or prevented from having a fair trial and the judgment of the Lucas County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in the preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.
Judgment affirmed.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Peter M. Handwork, J. Mark L. Pietrykowski, J. Arlene Singer,P.J. concur.